OPINION OF THE COURT
Stanley L. Sklar, J.
Defendant Huntington Hospital moves for an order dismissing the action because plaintiff failed to provide an adequate *151 certificate of merit in that the certificate appended to the complaint did not recite that the plaintiff had conferred with a physician as required by the statute but instead recited that the plaintiff had conferred with a physician and/or nurse.
Plaintiff Leonard Harmon, relying on CPLR 3012-a (f), opposes the motion on the ground that since he is appearing pro se he is not required to serve a certificate of merit. Plaintiff has however indicated that if so ordered he is prepared to serve a new certificate of merit because he has in fact conferred with more than one physician as well as with various nurses.
CPLR 3012-a (f) provides that the provisions pertaining to the need to serve a certificate of merit are inapplicable "to a plaintiff who is not represented by an attorney.” The hospital takes the position that since the plaintiff is an attorney he must serve a certificate of merit. The plaintiff claims that since all papers, including the pleadings, list him as "plaintiff, pro se” he is not required to file a certificate of merit.
The Legislature found that requiring a certificate of merit would "improve the quality of medical malpractice adjudications and deter the commencement of frivolous cases.” (L 1986, ch 266, § 1.) The Bill Jacket does not set forth a reason for the exemption for pro se litigants. However, one commentator has suggested that the certificate of merit requirement is inapplicable to a pro se plaintiff (not because of any lack of knowledge, experience or resources, but) because "[a]n infestation of plaintiffs representing themselves in medical malpractice actions is not among the judiciary’s current problems.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3012-a:l, at 715.) This appears to be a valid conclusion since the Legislature, if it believed that it was too difficult for a pro se plaintiff to consult with a physician in a malpractice case, would have promulgated a statute exempting pro se plaintiffs in malpractice cases from the requirements that they establish their claims of malpractice or rebut substantive summary judgment motions through the use of a medical expert. Since the Legislature has not so acted, it is logical to presume that CPLR 3012-a was aimed at reducing frivolous suits commenced by attorneys on behalf of their clients. In light of the foregoing, plaintiff pro se was not required to serve a certificate of merit. Thus the hospital’s motion seeking dismissal is denied.