

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-10-2002

# Newell v. Ruiz

Precedential or Non-Precedential:

Docket No. 00-2091

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Newell v. Ruiz" (2002). *2002 Decisions.* Paper 262.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/262

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed April 10, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-2091

*MONIQUE NEWELL,
Administratrix of the Estate of ROMONA NEWELL,
       Appellant

v.

ABRAHAM RUIZ, M.D., individually and as
Partner of Radiology Professional Association;
RADIOLOGY PROFESSIONAL ASSOCIATION

*(Amended in accordance with Clerk's Order
dated 11/6/01)

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 99-cv-02323
(Honorable Katharine S. Hayden)

Argued April 5, 2001

Before: SCIRICA, AMBRO and GIBSON,*
Circuit Judges

(Filed April 10, 2002)

_____

* The Honorable John R. Gibson, United States Circuit Judge for the
Eighth Judicial Circuit, sitting by designation.


        ELISE DINOLFO, ESQUIRE
          (ARGUED)
        ELLIOTT ABRUTYN, ESQUIRE
        Morgan, Melhuish, Monaghan,
         Arvidson, Abrutyn & Lisowski
        651 West Mount Pleasant Avenue,
         Suite 200
        Livingston, New Jersey 07039-1673

         Attorney for Appellant

        PHILIP F. MATTIA, ESQUIRE
          (ARGUED)
        Philip F. Mattia & Associates
        401 Hamburg Turnpike, Suite 205
        Wayne, New Jersey 07470

         Attorney for Appellees

OPINION OF THE COURT

SCIRICA, Circuit Judge.

Romona Newell appeals the dismissal with prejudice of
her medical malpractice claim for failure to timely file an
Affidavit of Merit in accordance with N.J. Stat. Ann.
SS 2A:53A-26-29 (the Affidavit of Merit Statute). The issue
on appeal is whether Newell's compliance with New York's
Civil Practice Law and Rules S 3012-a (N.Y. C.P.L.R.
S 3012-a, the Certificate of Merit Statute) satisfied New
Jersey's requirements because her action was transferred
from New York to New Jersey.1 We will reverse.

Newell makes two arguments on appeal -- first, that she
substantially complied with the Affidavit of Merit Statute;
second, that extraordinary circumstances warrant
relaxation of the statutory requirements of N.J. Stat. Ann.
S 2A:53A-27.2

_____

1. We have jurisdiction under 28 U.S.C. S 1291.

2. The District Court's determination that plaintiff failed to comply with
the Affidavit of Merit Statute is a conclusion of law. We exercise plenary
review. NLRB v. Konig, 79 F.3d 354, 357 (3d Cir. 1996).

I

Romona Newell, a New York resident, commenced this
medical malpractice action in the United States District
Court for the Southern District of New York on March 24,
1999. She alleges Abraham Ruiz, M.D., and the Radiology
Professional Association committed malpractice by failing to
properly read and interpret her mammograms in June
1997. Newell, who previously had cancer in her right
breast, alleges defendants failed to detect abnormal
changes in the mammography of her left breast. As a
result, she claims a delay in diagnosis and treatment
caused the cancer to spread in her left breast and
metastasize to other parts of her body. Romona Newell died
of cancer in March 2001.

Complying with New York's C.P.L.R. S 3012-a, which
seeks to weed out frivolous malpractice claims, Newell
submitted a "Certificate of Merit," attesting her attorney
discussed the case with a physician, who advised there was
reason to believe defendants committed malpractice. Dr.
Ruiz filed an answer on April 16, 1999 and an amended
answer on May 5, 1999. The Radiology Professional
Association filed an answer on May 5, 1999. On May 7,
1999, the case was transferred to the United States District
Court for the District of New Jersey.

On January 18, 2000, more than eight months after filing
their answers in New York, defendants filed a motion to
dismiss Newell's complaint for failure to comply with New
Jersey's Affidavit of Merit Statute, N.J. Stat. Ann.S 2A:53A-
27. Both the New Jersey and the New York statutes share

the same purpose of winnowing out frivolous claims by requiring plaintiffs to make a threshold showing of merit. On February 11, 2000, Newell responded to the defendant's motion and supplied an Affidavit of Merit from a Board Certified Radiologist.[3]

_____

3. The Affidavit declared: "In accordance with good and acceptable medical practice the findings of June 25, 1997 and the changes from the 1995 and the 1996 mammography's [sic] should have been noted in the report. The developing density at 6:00 left breast should have been noted in the report. The reports reviewed indicate that Romona Newell had a history of breast cancer of the right breast. In a woman with a personal history of breast cancer and a change in mammography. . . further evaluation was required in accordance with good and accepted medical practice."

3

II

A.

N.J. Stat. Ann. S 2A:53A-27 provides:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause. The person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.

When construing a statute, "our 'overriding goal must be to determine the Legislature's intent.' " Hubbard v. Reed, 774 A.2d 495, 498 (N.J. 2001) (citations omitted). As the New Jersey Supreme Court has observed:

> The first step in determining the Legislature's intent is to look at the plain language of the statute. As a general rule, when the language of a statute is clear on

its face, the sole function of the courts is to enforce it according to its terms. Nevertheless, we also have stressed that where a literal interpretation would create a manifestly absurd result, contrary to public policy,

4

the spirit of the law should control. Thus, when a literal interpretation of individual statutory terms or provisions would lead to results inconsistent with the overall purpose of the statute, that interpretation should be rejected.

Id. (quotations and citations omitted).

Newell contends she has a meritorious claim and that she substantially complied with New Jersey's Affidavit of Merit Statute. Because the statute does not address its applicability to cases transferred from another jurisdiction, she argues a narrow interpretation would thwart the legislature's intent of barring only frivolous claims.

B.

In several recent decisions, the New Jersey Supreme Court held that if "reasonable effectuation of the statute's purpose has occurred," the Affidavit of Merit Statute does not require strict compliance. Galik v. Clara Maass Med. Ctr., 771 A.2d 1141, 1148 (N.J. 2001); see also Fink v. Thompson, 772 A.2d 386 (N.J. 2001); Cornblatt v. Barrow, 708 A.2d 401, 411 (N.J. 1998). In appropriate cases, "[c]ourts invoke the doctrine of substantial compliance to 'avoid technical defeats of valid claims.' " Cornblatt, 708 A.2d at 412 (quoting Zamel v. Port of N.Y. Auth. , 264 A.2d 201, 203 (N.J. 1970)).

The doctrine of substantial compliance requires the defaulting party to show: (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not strict compliance with the statute. Id. This equitable doctrine "requires a fact-sensitive analysis involving the assessment of all the idiosyncratic details of a case to determine whether 'reasonable effectuation of the statute's purpose' has occurred." Galik, 771 A.2d at 1151 (citation omitted).

There is no legal prejudice to the defendants. Newell's complaint, filed in New York federal court on March 24,

5

1999, was accompanied by a Certificate of Merit attesting to the validity of her claim. Furthermore, Newell supplied defendants with copies of her mammograms and "took a series of steps that notified the defendants about the merits

of the malpractice claims filed against them." Palanque v. Lambert-Woolley, 774 A.2d 501, 506 (N.J. 2001). As the New Jersey Superior Court observed:

> [There is] no prejudice whatever that would result to defendants, other than that they would have to defend against a potentially meritorious claim, which is not legal prejudice. Certainly, there has been no showing of prejudice to defendants that would outweigh the strong preference for adjudication on the merits rather than final disposition for procedural reasons.

Mayfield v. Cmty. Med. Assocs., 762 A.2d 237, 243 (N.J. Super. Ct. 2000) (citations omitted).

The second and third prongs of the substantial compliance doctrine are related. Newell took steps generally complying with the purpose of New Jersey's Affidavit of Merit Statute.4 The purpose of N.J. Stat. Ann. S 2A:53A-27 is to "weed out frivolous lawsuits early in the litigation while, at the same time, ensuring that plaintiffs with meritorious claims will have their day in court." Hubbard, 774 A.2d at 500. As noted, New York's C.P.L.R. S 3012-a has the same purpose as New Jersey's statute: to "improve the quality of medical malpractice adjudications and deter the commencement of frivolous cases." Harmon v. Huntington Hosp., 619 N.Y.S.2d 492, 492 (1994) (quotation and citation omitted).

New York's C.P.L.R. S 3012-a seeks to achieve this purpose by requiring that a complaint for malpractice actions be accompanied by a certificate, executed by the attorney for the plaintiff, declaring:

_____

4. The New Jersey Supreme Court has declared "[t]he overall purpose of the statute is 'to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation.' " Cornblatt, 708 A.2d at 412 (quoting In re Petition of Hall, 688 A.2d 81, 87 (N.J. 1997)).

6

> [T]he attorney has reviewed the facts of the case and has consulted with at least one physician in medical malpractice actions . . . who is licensed to practice in this state or any other state and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action.

N.Y. C.P.L.R. S 3012-a.

As a result of Newell's compliance with New York's Certificate of Merit Statute, she effectively made a threshold showing that the case had merit at an early stage of the

litigation, the primary goal of New Jersey's Affidavit of Merit Statute.5 Although untimely, Newell also took measures to comply with the New Jersey statute, filing an Affidavit of Merit from a Board Certified Radiologist on February 11, 2000.6 Furthermore, Newell forwarded copies of the

_____

5. While the specifications of N.J. Stat. Ann.S 2A:53A-27 and N.Y. C.P.L.R. S 3012-a are not identical, the purpose of the statutes is the same and the requirements are broadly similar.

6. Newell's otherwise technically adequate affidavit was served more than 120 days after defendants filed their answers. Those answers, however, were filed in New York, before the case was transferred to New Jersey. This casts some doubt on whether the answers were effective "triggers" for the time period set out in New Jersey's Affidavit of Merit Statute as that statute is silent on its applicability to transfer cases where the answer was filed in another state.

On its face, the statute applies to "any action" involving medical malpractice brought in New Jersey. While there are no express exceptions in N.J. Stat. Ann. S 2A:53A-27, the New Jersey Supreme Court has determined that an Affidavit of Merit is not required in every medical malpractice case. E.g., Hubbard , 774 A.2d 495 (holding an affidavit of merit is not necessary in common knowledge malpractice cases).

Under the New Jersey Affidavit of Merit Statute,"a failure to file the required affidavit 'shall be deemed a failure to state a cause of action.' " Chamberlain v. Giampapa, 210 F.3d 154, 160 (3d Cir. 2000) (quoting N.J. Stat. Ann. S 2A:53A-29). The "trigger" to start the time clock in the New Jersey statue is the filing of the defendant's answer. N.J. Stat. Ann.

7

mammograms to defendants so they could evaluate the merits of her claim and complied with all discovery requests. Perhaps for these reasons, defendants do not challenge the fourth prong of the test, as they admit having reasonable notice of the malpractice claim.

Newell has presented a reasonable explanation for her actions. A New York resident, she filed her complaint in New York federal court.7 At the earliest stages of the litigation, it was reasonable for Newell to believe that New York's Certificate of Merit Statute applied and that by satisfying the statute, she had made a threshold showing her case was meritorious. Furthermore, the New Jersey Affidavit of Merit Statute provides no guidance on the statute's applicability to cases transferred from other jurisdictions, especially when the triggering event, the filing of defendant's Answer, occurs in another state. Even less does the New Jersey statute address a situation in which a substantially similar "merit requirement" has been met at the commencement of suit which best serves its purpose -- in the transferor state.

_____

S 2A:53A-27 ("[P]laintiff shall, within 60 days following the date of the

answer to the complaint by the defendant, provide each defendant" with an Affidavit of Merit, and "[t]he court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause."). Read literally, this would mean that regardless of the merits, a case originally filed in a different jurisdiction where 120 days (60 day general period plus the 60 day good cause extension) had passed since the defendant filed his answer could be immediately dismissed with prejudice upon transfer to New Jersey for failure to comply with N.J. Stat. Ann. S 2A:53A-27. This interpretation would lead to results inconsistent with the overall purpose of the statute. Hubbard, 774 A.2d at 498.

We need not resolve this issue, however, as it does not affect our conclusion that Newell substantially complied with New Jersey's Affidavit of Merit Statute.

7. At the time she filed her claim, we had not yet decided Chamberlain v. Giampapa, 210 F.3d 154 (3d Cir. 2000), where we announced the New Jersey Affidavit of Merit Statute was substantive law applicable in federal diversity cases.

8

This combination of interlocking factors makes Newell's explanation why there was not strict compliance with the statute reasonable.

C.

The New Jersey Supreme Court has declared the "purpose [of the substantial compliance doctrine] is to avoid the harsh consequences that flow from technically inadequate actions that nonetheless meet a statute's underlying purpose. It is a doctrine based on justice and fairness, designed to avoid technical rejection of legitimate claims." Galik, 771 A.2d at 1148 (citations omitted). This equitable doctrine "requires a court to go beyond the literal language [of the statute] in order to implement the legislative intent and policy mandate." Mayfield, 762 A.2d at 242.

The legislative target of New Jersey's Affidavit of Merit Statute and New York's Certificate of Merit Statute was frivolous malpractice claims. Id. at 245; see also Zamft v. Cornell, 707 A.2d 1068, 1071 (N.J. Super. Ct. 1998) ("The legislative intent in enacting the Affidavit of Merit Statute was to curtail the filing of frivolous malpractice actions. The expressed purpose of the statute was to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation.") (quotation and citation omitted); see also Harmon, 619 N.Y.S.2d at 492. Defendants have never alleged that Newell's claims are frivolous or without merit. Furthermore, on April 23, 1999, a week before a scheduled court conference before the New York federal court, Dr. Ruiz's attorney requested a two-month adjournment "to see if we can possibly resolve the case quickly without going through the process of transferring it to a New Jersey District Court

and New Jersey defense counsel."

At every step in this litigation, Newell has acted appropriately, including providing defendants with pre-court ordered discovery. "Under the facts here presented, we are hard-pressed to find that the original failure to file a timely affidavit of merit . . . evinced a knowing intent to

disregard and thereby thwart the sound purpose of the statute." Zamft, 707 A.2d at 1071.

As noted, defendants did not file their motion to dismiss Newell's claims until ten months after Newell filed her complaint, and nine months after Dr. Ruiz filed his answer. Newell has alleged that defendants delayed production of important documents and records, failed to respond to requisite discovery and engaged in "gamesmanship." This raises the question whether defendants may have intentionally sought to achieve a " 'technical defeat[ ] of valid claims.' " Cornblatt, 708 A.2d at 411 (quoting Zamel, 264 A.2d at 203).

The District Court has noted that the Affidavit of Merit Statute "specifically obligates [the] plaintiff to provide 'a sworn statement in lieu of the affidavit' setting forth the defendant's failure to proffer the appropriate records."[8] Nonetheless,

> The purpose of the statute[ ] is not to afford
> malpractice defendants with a sword to fight off a
> malpractice action by procrastinating in providing
> records and other relevant materials that a competent,
> conscientious expert would have to analyze before
> submitting an Affidavit of Merit . . . . [A]n educated
> malpractice defendant may, though subtly, induce a
> plaintiff into believing there is no need to comply with
> the "in lieu of " procedure. The defendant may agree to
> supply the required information but simply fail to
> provide it in a diligent and timely manner, thereby
> allowing the statutory clock to run out. Consequently,
> the statute's time limits may become a sword in the

_____

8. See N.J. Stat. Ann. S 2A:53A-28 ("An affidavit shall not be required pursuant to section 2 of this act [N.J. Stat. Ann. S 2A:53A-27] if the plaintiff provides a sworn statement in lieu of the affidavit setting forth that: the defendant has failed to provide plaintiff with medical records or other records or information having a substantial bearing on preparation of the affidavit; a written request therefor along with, if necessary, a signed authorization by the plaintiff for release of the medical records or other records or information requested, has been made by certified mail or personal service; and at least 45 days have elapsed since the defendant received the request.").

    hand of a defendant so that a meritorious claim
    escapes exposure to the litigation process.

Barreiro v. Morais, 723 A.2d 1244, 1248 (N.J. 1999).

We do not need to resolve this specific issue, however, as
we hold Newell substantially complied with the Affidavit of
Merit Statute.9

III

Because Newell substantially complied with N.J. Stat.
Ann. S 2A:53A-27, the District Court erred in dismissing
her claim with prejudice.

We will reverse and remand for proceedings consistent
with this opinion.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

_____

9. Because we find that Newell substantially complied with New Jersey's
Affidavit of Merit Statute, we need not reach the issue of whether
extraordinary circumstances exist warranting relaxation of the statutory
requirements of N.J. Stat. Ann. S 2A:53A-27.