OPINION OF THE COURT
PER CURIAM.
Appellant Darryl Booker, proceeding pro se, appeals from the judgment of the District Court granting Appellees’ motion to dismiss. For the reasons that follow, we will vacate the judgment of the District Court and remand for further proceedings.
Booker, a federal inmate, filed a complaint in the United States District Court *426 for the Middle District of Pennsylvania pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, alleging that between 1997 and 2006, prison medical. staff at the various federal prisons in which he was incarcerated committed medical malpractice in treating his heart condition. Applying Pennsylvania law,[1] the District Court concluded that Booker was required to comply with the Certificate of Merit (“COM”) requirement of Pennsylvania Rule of Civil Procedure 1042.3(a)(1) and granted him several extensions of time in which to do so.[2] Within the time provided by the District Court, Booker filed a letter from Steven Spencer, MD, MPH, a physician at Abington Memorial Hospital in Jenkintown, Pennsylvania, in an attempt to comply with the requirements of Rule 1042.3. Appellee immediately objected, arguing that the letter was insufficient to satisfy the literal requirements of the Rule. The District Court agreed and entered an opinion and order dismissing the action without prejudice and denying Appellant’s request for an extension of time in which to file a compliant COM. Appellant appealed.[3]
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court’s decision to grant a motion to dismiss, see DeHart v. Horn, 390 F.3d 262, 272 (3d Cir.2004), as well as over the Court’s conclusion that Appellant failed to comply with the requirements of the Rule 1042.3. See Newell v. Ruiz, 286 F.3d 166, 167 n. 2 (3d Cir.2002). We review the District Court’s denial of Appellant’s request for an extension of time for abuse of discretion. See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 777 (3d Cir.2000).
Rule 1042.3(a)(1) provides:
In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that ... an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm....
This rule is substantive state law that must be applied by the federal district courts. See Chamberlain v. Giampapa, 210 F.3d 154, 158-61 (3d Cir.2000) (concluding that the New Jersey “affidavit of merit” statute constitutes substantive state law which must be applied by federal district courts in diversity actions). Under Pennsylvania law, plaintiff’s failure to comply with the COM requirements entitles the defendant to direct the prothonotary to enter a judg *427 ment of non pros against the plaintiff. See Pa. R. Civ. P. 1042.6. The plaintiff may then seek relief from the judgment of non pros, requesting that it either be struck or opened. See Pa. R. Civ. P. 3051. Courts have held that the entry of judgment non pros is therefore the equivalent of a dismissal without prejudice, and is not fatal to the plaintiffs suit so long as his claims are not time-barred. See, e.g., Stroud v. Abington Memorial Hospital, 546 F.Supp.2d 238, 249 (E.D.Pa.2008); Scaramuzza v. Sciolla, 345 F.Supp.2d 508, 510-11 (E.D.Pa.2004).
In an attempt to satisfy the COM requirement, Booker filed a letter from Dr. Spencer which stated in full:
I am writing this letter on behalf of Darryl Booker. I was sent his medical ... file to review in light of events surrounding the diagnosis of his coronary artery disease. In brief, he was seen multiple times by the prison medical staff for the chief complaint of chest pain. From my review of the notes, the diagnosis for most of those visits was musculoskeletal pain. The visit that I found to be the most questionable occurred on 9/12/06. At this time, Mr. Booker complained of chest pain and was once again diagnosed with musculo-skeletal pain and given an anti-inflammatory medication. Two weeks later Darryl was sent to the ER with an acute MI. Other notes document obtaining an EKG, but I could not find a note that comments on his previous abnormal EKGs including those done on 1/6/06 and 4/7/06. Those EKGs reveal findings that area [sic] concerning for cardiac ischemia yet there is no documentation of the appropriate followup which would usually include an echocardiogram, stress test, and possibly a cardiology evaluation. I therefore believe this case warrants a closer look. Please feel free to contact me if you have any questions or concerns.
In the document to which the letter is appended, “Notice of Filing of Certificate of Merit,” Appellant requests guidance in properly phrasing the COM and, if necessary, an extension of time in which to satisfy those requirements. On appeal, Appellant has indicated that the “doctor that prepared the Certificate of Merit (COM) has stated after the fact he would have had no problem making and supporting such a statement about the medical services and treatment that was revealed in the medical records.” (Appellant’s Br., 4-5-1.)
Appellee argues that the District Court properly concluded that Dr. Spencer’s letter does not satisfy the literal requirements of the Rule, as it does not state that “there exists a reasonable probability that the care, skill or knowledge ... exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm....”[4] (Appellee’s Br., 12.) Ap-pellee maintains that Booker should not be excused from complying with the letter of the Rule merely by virtue of his pro se status.
In Womer v. Hilliker, 589 Pa. 256, 908 A.2d 269 (2006), the Pennsylvania Supreme Court held that while full compliance with Rule 1042.3 is expected, the Rule is nonetheless subject to certain equitable exceptions:
... we have always understood that procedural rules are not ends in themselves, and that the rigid application of our rules does not always served the inter *428 ests of fairness and justice. It is for this reason that we adopted Rule 126, which provides in pertinent part that “[t]he court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.” Pa. R. Civ. P. No. 126. With this language, we incorporated equitable considerations in the form of a doctrine of substantial compliance into Rule 126, giving the trial courts the latitude to overlook any “procedural defect” that does not prejudice a party’s rights. Thus, while we look for full compliance with the terms of our rules, we provide a limited exception under Rule 126 to those who commit a misstep when attempting to do what any particular rule requires. Moreover, we made Rule 126 a rule of universal application, such that the trial court may disregard any such procedural defect or error at every stage of any action or proceeding to which the civil procedural rules apply.
Id. at 276 (citations omitted). Having concluded that such equitable exceptions are available to plaintiffs who make an effort to substantially comply with Rule 1042.3, the Womer Court nonetheless rejected Womer’s argument that he had substantially complied with the Rule by providing defendant with an expert report which set forth the information that a COM would have contained and which comported with the purpose underlying Rule 1043.2 — to affirm that his claims were not frivolous. The Court disagreed, explaining: “Rule 1042.3 is clear and unambiguous in its mandate that in every professional liability action a specific representation about the plaintiffs claim must be filed in the official record in a document called a ‘certificate of merit’ at the time the complaint is filed or within sixty days thereafter.” Id. at 278. The Court concluded that plaintiffs failure to file any such document with the court or to request an extension of time in which to do so was not “a procedural misstep” but rather “a wholesale failure to take any of the actions that one of our rules requires.” Id. Because the plaintiff had made no attempt to provide the court with the information required by Rule 1042.3, it held that he could not take advantage of the exceptions outlined in Rule 126 for substantial compliance. See id. (“Rule 126 is available to a party who makes a substantial attempt to conform, and not to a party who disregards the terms of a rule in their entirety and determines for himself the steps he can take to satisfy the procedure that we have adopted to enhance the functioning of the trial courts.”).
Since Womer, state and federal courts applying Pennsylvania law have applied the “substantial compliance” doctrine in situations where the plaintiff has attempted but failed to meet the technical requirements of Rule 1042.3. See, e.g., Ramos v. Quien, 631 F.Supp.2d 601, 612 (E.D.Pa. 2008) (excusing plaintiffs late filing of a COM under the substantial compliance doctrine where plaintiff requested extension from Court of Common Pleas before case was removed to federal court and filed COM during that time frame); Weaver v. University of Pittsburgh Medical Center, 2008 WL 2942139, at *8 (W.D.Pa. 2008) (holding that “[wjhile the text of the COM did not correspond to the claim of direct liability alleged in the complaint — an error we do not believe should be condoned lightly — such inconsistency does not require dismissal”); Sabo v. Worrall, 959 A.2d 347, 352 (Pa.Super.Ct.2008) (holding, where plaintiffs counsel had timely prepared a COM but his paralegal failed to file it on time, that plaintiff had substantially complied with the Rule). Cf. Newell v. Ruiz, 286 F.3d 166,169-71 (3d Cir.2002) (endorsing substantial compliance doctrine with respect to the Affidavit of Merit required under New Jersey law where plaintiff mistakenly filed COM as required in *429 New York, but defendants were not prejudiced by permitting plaintiffs potentially meritorious claim to proceed, plaintiff had taken steps to comply with the statute, the purpose of the two statutes were similar, defendants had notice of plaintiffs claim, and plaintiffs action was reasonable under the circumstances). But see Stroud v. Abington Memorial Hospital, 546 F.Supp.2d 238, 254-55 (E.D.Pa.2008) (holding that, despite indications from plaintiffs complaint and amended COM that he intended to raise both vicarious and direct theories of liability, his failure to indicate both theories in his original COM mandated dismissal of his direct liability claim); Hoover v. Davila, 862 A.2d 591 (Pa.Super.Ct.2004) (holding that pro se plaintiffs lack of knowledge of rule does not excuse noncompliance).
We understand the value of this Rule of Civil Procedure and the important policy considerations which led the Pennsylvania Supreme Court to adopt it. Concerned about the rise in malpractice actions being filed in Pennsylvania courts, the Supreme Court sought a device “that would serve to identify and weed non-meritorious malpractice claims from the judicial system efficiently and promptly.” Womer, 908 A.2d at 275. To that end, the Court determined that:
the presence in the record of a COM signals to the parties and the trial court that the plaintiff is willing to attest to the basis of his malpractice claim; that he is in a position to support the allegations he has made in his professional liability action; and that resources will not be wasted if additional pleading and discovery take place.
Id. Unlike in Womer, however, this is not a case where Appellant has taken no action or has ignored his obligations to the Court. Rather, Appellant, while incarcerated and proceeding pro se and in forma pauperis, has located a qualified physician, compiled his medical records, timely filed the necessary requests for extensions of time and attempted to provide the Court with a compliant COM. In so doing, Appellant made what we believe to be a substantial attempt to conform to the requirements of the Rule. Accordingly, we conclude that the District Court erred in granting Appel-lee’s motion to dismiss without affording Appellant an opportunity to file a compliant COM. Based on the foregoing, we will vacate the judgment of the District Court and remand for further proceedings consistent with this opinion.

. As the District Court noted, the United States invoked Pennsylvania law and Appellant has not contested its application.

. The Rule specifically provides for an unlimited number of extensions of time, so long as the request is filed before the expiration of the prior extension and the plaintiff has shown good cause. See Pa. R. Civ. P. 1042.3(d).

. Appellant was originally notified that his appeal might be dismissed as untimely, as the notice of appeal was filed one day late. See Fed. R.App. P. 4(a)(1)(B) (providing 60-day appeal period in action in which United States is a party). Appellant subsequently filed a motion for extension of time in the District Court pursuant to Federal Rule of Appellate Procedure 4(a)(5). On July 1, 2009, the District Court granted Appellant’s Rule 4(a)(5) motion. Accordingly, we will not dismiss the appeal as untimely filed.

. While the U.S. Attorney also argues that "the doctor” failed to state in his letter that he has "submitted a written statement opining” as much, the Rule actually calls for Appellant himself to submit such a letter, not Dr. Spencer. (Appellee's Br., 12-13.)