NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3412

_____

DAVID MULHOLLAND; MEGAN MULHOLLAND, Husband and Wife,

Appellants

v.

THOMAS JEFFERSON UNIVERSITY HOSPITAL, INC.;
THOMAS JEFFERSON UNIVERSITY PHYSICIANS;
CATALDO DORIA, MD, individually; JEAN NOVAK,
BSN, individually; JAMES F. BURKE, JR., MD,
individually; GEORGE FRANCOS, MD, individually;
JOHN DOES A AND B, physicians, nurses and/or
business entities

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 09-cv-04322)
District Judge:  Honorable Joel A. Pisano

_____

Argued July 10, 2012
Before: FUENTES, HARDIMAN and ROTH, *Circuit Judges*.

(Filed:  July 30, 2012)

Louis P. McFadden, Jr. [Argued]
Suite 307
222 New Road
Linwood, NJ 08221-0000
        *Attorney for Appellants*

Daniel F. Ryan, III [Argued]
Jeffrey P. Brien
Anthony P. DeMichele
Stephanie M. Hohing
O'Brien & Ryan
2250 Hickory Road
Suite 300
Plymouth Meeting, PA 19462-0000
        *Attorneys for Appellees*

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

David and Megan Mulholland appeal the District Court's dismissal of their complaint for failure to comply with New Jersey's affidavit-of-merit statute. *See* N.J. Stat. Ann. §§ 2A:53A-26 to -29. We will affirm.

I

Because we write for the parties, who are well acquainted with the case, we recite only the essential facts and procedural history.

In 2009, David received a transplanted kidney from a donor who, prior to the surgery, had tested positive for cytomegalovirus (CMV). David and his wife, Megan, tested negative for the virus. David could have received a kidney from Megan, but ultimately chose the other donor so that Megan would be able to donate a kidney to their son if he someday needed it. Before he consented to the surgery, David had been told of the serious risk of CMV infection associated with the transplant procedure, but not of the

2

different CMV test results.  For more than two years following the transplant, David

suffered complications from a CMV infection, which ended with the removal of the

transplanted kidney.  Megan also contracted CMV during this period.

David and Megan filed a diversity suit against Thomas Jefferson University

Hospital, Inc., where the transplant was performed, and against several medical

professionals who were involved in transplanting the kidney and treating David

(collectively, Defendants).  The amended complaint alleges five counts—lack of

informed consent, assault and battery, professional malpractice, negligence, and

fraudulent misrepresentation—but the Mulhollands abandoned all but the first and last

claims during the course of litigation in the District Court.  The District Court dismissed

the complaint for failure to satisfy the affidavit-of-merit requirement,[1] and the

Mulhollands timely filed a notice of appeal.

---

[1] The affidavit-of-merit statute provides in pertinent part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.  The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

## II

We will affirm largely for the reasons stated by the District Court, whose decision we subject to plenary review. *Newell v. Ruiz*, 286 F.3d 166, 167 n.2 (3d Cir. 2002). The Mulhollands offer two arguments for reversal. First, they contend that under New Jersey law, an affidavit is not required to proceed with a lack-of-informed-consent or fraudulent-misrepresentation claim. In the alternative, they assert that they substantially complied with the affidavit requirement.

We squarely rejected the first argument in *Chamberlain v. Giampapa*, 210 F.3d 154, 161–62 (3d Cir. 2000), holding that under New Jersey law, an affidavit is a necessary predicate to a lack-of-informed-consent action. We are permitted to reconsider this holding "'in light of intervening authority,' including intervening decisions of state law [by] its highest court." *Covell v. Bell Sports, Inc.*, 651 F.3d 357, 364 (3d Cir. 2011) (quoting *Reich v. D.M. Sabia Co.*, 90 F.3d 854, 858 (3d Cir. 1996)). The Mulhollands

---

In the case of an action for medical malpractice, the person executing the affidavit shall meet the requirements of a person who provides expert testimony or executes an affidavit as set forth in section 7 of P.L. 2004, c. 17 (C.2A:53A-41). In all other cases, the person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.

N.J. Stat. Ann. § 2A:53A-27.

4

proffer a few New Jersey Supreme Court precedents addressing the affidavit requirement since *Chamberlain*, *see Couri v. Gardner*, 801 A.2d 1134 (N.J. 2002); *Palanque v. Lambert-Woolley*, 774 A.2d 501 (N.J. 2001); *Hubbard ex rel. Hubbard v. Reed*, 774 A.2d 495 (N.J. 2001), but none of these cases considered the affidavit requirement as applied to a lack-of-informed-consent claim. Accordingly, *Chamberlain* controls our disposition here. Because the evidence necessary to prove fraudulent misrepresentation in this case would be nearly identical to that needed to show lack of informed consent, *Chamberlain* also disposes of the Mulhollands' second cause of action.

As the Mulhollands were subject to the affidavit requirement, the only remaining question is whether they complied with it. They forthrightly concede that their affidavit was untimely, and we agree with the District Court that their affiant, a family medicine practitioner, does not meet the expertise standard found in N.J. Stat. Ann. § 2A:53A-27. The Mulhollands argue under the New Jersey Supreme Court's doctrine of "substantial compliance" that they should be excused from this failure. *See Ferreira v. Rancocas Orthopedic Assocs.*, 836 A.2d 779, 783 (N.J. 2003) (discussing the five-part substantial-compliance test). That Court has applied this doctrine where a medical-malpractice defendant's name was omitted from the affidavit, which was otherwise "timely served" and accompanied by "an extensive medical expert's report that clearly focused on his conduct and on the totality of the circumstances attending" the alleged tort, *Fink v. Thompson*, 772 A.2d 386, 394–95 (N.J. 2001), and in another case where "plaintiff's

5

counsel obtained a detailed expert's report verifying the legitimacy of the claim long before filing the complaint, immediately shared it with defendant's carriers, and engaged in settlement discussions with defendants based on the report," *Galik v. Clara Maass Med. Ctr.*, 771 A.2d 1141, 1152 (N.J. 2001).  Unlike the plaintiffs in those cases, the Mulhollands can show neither a lack of prejudice to Defendants, who may be held liable if we accept the substantial-compliance argument and who were not timely "notified . . . about the merits of the . . . claims filed against them," *Palanque*, 774 A.2d at 506, nor a reasonable explanation for noncompliance.  The District Court correctly held that the Mulhollands did not substantially comply with the affidavit requirement.[2]

III

For the aforementioned reasons, we will affirm.

---

[2] The Mulhollands also invoke the "extraordinary circumstances" exception recognized in *Ferreira*, 836 A.2d at 783, but because they address it for the first time in their reply brief, the argument has been waived.  *E.g.*, *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005).