NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3395-15T2

STATE OF NEW JERSEY,

 Plaintiff-Appellant,

v.

SHANNON WHOOLEY,

 Defendant-Respondent.
______________________________________________

 Argued January 18, 2017 – Decided August 8, 2017

 Before Judges Espinosa, Suter, and Guadagno.

 On appeal from the Superior Court of New
 Jersey, Law Division, Monmouth County,
 Docket Nos. W-2015-1201-475, S-2015-1201-476
 and W-2015-1337-524.

 Monica Lucinda do Outeiro, Assistant
 Prosecutor, argued the cause for appellant
 (Christopher J. Gramiccioni, Monmouth County
 Prosecutor, attorney; Ms. do Outeiro, of
 counsel and on the brief).

 Leslie B. Posnock argued the cause for
 respondent (Schwartz & Posnock, attorneys;
 Ms. Posnock, on the brief).

PER CURIAM

 By our leave granted, the Monmouth County Prosecutor's

Office (MCPO) appeals from the March 4, 2016 order entered by
Monmouth County Assignment Judge Lisa P. Thornton, granting

defendant Shannon Whooley's motion to consolidate two disorderly

persons offenses involving marijuana possession pending in

municipal courts in Carteret, Middlesex County, and Ocean

Township, Monmouth County. Defendant sought consolidation in

order to apply for a conditional discharge pursuant to N.J.S.A.

2C:36A-1, a disposition which would be precluded if the two

offenses were prosecuted separately.

 Defendant's motion for consolidation was unopposed by both

municipal court judges, both municipal prosecutors, the

Middlesex County Prosecutor's Office, and the Middlesex County

Assignment Judge. The MCPO was the only party to object to

consolidation.

 Rule 7:8-4 addresses consolidation of municipal court

matters:

 The court may order two or more complaints to
 be tried together if the offenses arose out
 of the same facts and circumstances,
 regardless of the number of defendants. In
 all other matters, the court may consolidate
 complaints for trial with the consent of the
 persons charged. Complaints originating in
 two or more municipalities may be consolidated
 for trial only with the approval of the
 appropriate Assignment Judge, who shall
 designate the municipal court in which trial
 is to proceed. A party seeking consolidation
 of complaints originating in different
 municipalities shall file a written motion for

 2 A-3395-15T2
 that relief directly with the Assignment
 Judge.

 MCPO argues consolidation is not appropriate as the two

matters did not arise "out of the same facts and circumstances."

MCPO also urges a strictly literal interpretation of the "for

trial only" provision, and maintains consolidation is not

available for negotiated dispositions such as a guilty plea, or

for a diversion to conditional discharge.

 We begin by noting that "[a] trial court's interpretations

of the law and the legal consequences that flow from established

facts are not entitled to any special deference." Manalapan

Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378

(1995). Our review of the motion judge's interpretation of a

court rule is de novo. Wash. Commons, LLC v. City of Jersey

City, 416 N.J. Super. 555, 560 (App. Div. 2010), certif. denied,

205 N.J. 318 (2011). We must "ascribe to the [words of the

rule] their ordinary meaning and significance . . . and read

them in context with related provisions so as to give sense to

the [court rules] as a whole[.]" DiProspero v. Penn, 183 N.J.

477, 492 (2005) (citations omitted).

 While the first sentence of Rule 7:8-4 appears to limit

consolidation to matters arising "out of the same facts and

circumstances," when read in conjunction with the next sentence,

 3 A-3395-15T2
it is apparent that the restriction is limited to instances

where the persons charged do not consent to consolidation. The

second sentence refers to "all other matters" and suggests that

complaints may be consolidated "with the consent of the persons

charged." R. 7:8-4. When read in context, the Rule allows for

consolidation of municipal complaints when the offenses do not

arise from the same facts and circumstances, as long as the

defendant consents. Because defendant not only consented but

sought consolidation here, we reject MCPO's argument that

consolidation is precluded because the two matters did not arise

out of the same facts and circumstances.

 MCPO's second argument, that a court may only consolidate

complaints "for trial," has a superficial appeal but does not

withstand close scrutiny. Applying this interpretation would,

for example, preclude the parties from resolving a consolidated

matter with a negotiated plea agreement. "[W]here a literal

interpretation would create a manifestly absurd result, contrary

to public policy, the spirit of the law should control." Turner

v. First Union Nat'l Bank, 162 N.J. 75, 84 (1999) (citing Watt

v. Mayor & Council of Franklin, 21 N.J. 274, 278 (1956)).

"[W]hen a 'literal interpretation of individual statutory terms

or provisions' would lead to results 'inconsistent with the

overall purpose of the statute,' that interpretation should be

 4 A-3395-15T2
rejected." Hubbard v. Reed, 168 N.J. 387, 392-93 (2001) (quoting

Cornblatt v. Barow, 153 N.J. 218, 242 (1998)).

 In addition, and as Judge Thornton noted, her order

granting consolidation only permits defendant to seek a

conditional discharge. If the municipal judge determines that

granting a conditional discharge under N.J.S.A. 2C:36A-1 is

inappropriate, the case would, in fact, be consolidated for

trial.

 Consolidation comports with the "goals of uniformity and

proportionality" in sentencing. State v. Pillot, 115 N.J. 558,

573 (1989). Denial of consolidation here could result in

"disparate [treatment] for very similar crimes committed within

a relatively brief period of time." Id. at 577. The rules for

consolidation seek to avoid this kind of "idiosyncratic

sentencing." Ibid.

 Affirmed.

 5 A-3395-15T2