**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0527-13T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

J.B.W.,

    Defendant-Appellant.

_____

> **APPROVED FOR PUBLICATION**
>
> **February 24, 2014**
>
> **APPELLATE DIVISION**

Argued January 29, 2014 — Decided February 24, 2014

Before Judges Grall, Waugh[1] and Accurso.

On appeal from Superior Court of New Jersey,
Law Division, Ocean County, Indictment No.
13-04-1052.

Brian P. Keenan, Assistant Deputy Public
Defender, argued the cause for appellant
(Joseph E. Krakora, Public Defender,
attorney; Mr. Keenan, of counsel and on the
brief).

Samuel Marzarella, Assistant Prosecutor,
argued the cause for respondent (Joseph D.
Coronato, Ocean County Prosecutor, attorney;
Mr. Marzarella, of counsel and on the brief;
Shiraz Deen, on the brief).

---

[1]    Judge Waugh did not participate in oral argument.  However,
the parties consented to his participation in the decision.
R. 2:13-2(b).

The opinion of the court was delivered by

GRALL, P.J.A.D.

We granted defendant J.B.W. leave to appeal an order denying his motion to dismiss a one-count indictment. As a consequence of a juvenile adjudication requiring registration pursuant to N.J.S.A. 2C:7-2, he is required to register as a sex offender, and he complied with that obligation. His offense involved a victim under the age of eighteen. The grand jurors for Ocean County charged defendant with a crime of the third degree — participating in a "youth serving organization" despite being an "an excluded sex offender," N.J.S.A. 2C:7-23a, specifically that he held a position in "[X] High School Marching Band 'Pit Crew.'"

The Pit Crew is a committee of a larger association organized for "charitable and educational purposes." By its constitution, the association's purpose is promoting interest in the school's band programs. Its members pay annual dues fixed by its board of directors, and its membership "consists of parents and/or [sic] guardians, and interested persons of members of the . . . band programs." J.B.W. is a friend of a parent of a member of the band.

The association's constitution provides for it to work "in cooperation with the Board of Education, the administration, the

faculty, the band director, unit advisors and students" of the high school. By its constitution, the association's board of directors includes the "band director and assistant band director" and the "faculty band advisor(s)." The association's bylaws describe the Pit Crew's duties as working with the band's director, assistant band director and staff "to acquire, assemble, store and transport" band equipment.

The question presented in the trial court and on this appeal, is whether the term "youth serving organization," as defined in N.J.S.A. 2C:7-22, excludes organizations that work in cooperation with a public school and its staff to promote a school program. The trial court concluded that this group was not excluded and, for that reason, denied the motion to dismiss the indictment. This court, however, must consider the interpretation of a statute de novo and without affording any deference to the trial court. State v. Buckley, 216 N.J. 249, 260-61 (2013); In re Liquidation of Integrity Ins. Co., 193 N.J. 86, 94 (2007). We also conclude that the statute applies to such organizations, and we set forth our reasons in the remainder of this opinion.

A court's primary goal in interpreting a statute is determining the Legislature's intent. Higgins v. Pascack Valley Hosp., 158 N.J. 404, 418 (1999). That inquiry begins with the

language of the statute, which generally controls when the meaning is clear. Ibid. When the statutory language is susceptible of different meanings, courts "seek to effectuate the fundamental purpose for which the legislation was enacted" and may look to legislative history to identify the intended goals. Klumb v. Bd. of Educ. of Manalapan—Englishtown Reg'l High Sch. Dist., 199 N.J. 14, 24-25 (2009) (internal quotations omitted); Daidone v. Buterick Bulkheading, 191 N.J. 557, 565-66 (2007). Where a criminal statute defining a crime is at issue, language "susceptible of differing constructions," must be interpreted "to further" the "general purposes" stated in N.J.S.A. 2C:1-2a and the "special purposes" of the provision at issue. N.J.S.A. 2C:2-1a, c. Most important here is the Code's purpose of giving "fair warning of the nature of the conduct proscribed," N.J.S.A. 2C:2-1a(4). Fair notice of prohibited conduct is the fundamental principle underlying the rule of construction calling for resolution of ambiguities in criminal statutes against the State. State v. Gelman, 195 N.J. 475, 482 (2008).

The crime at issue here is defined in two sections of the Code, one setting forth the elements and the other defining the critical terms, respectively N.J.S.A. 2C:7-23 and N.J.S.A. 2C:7-

22. The prohibited conduct is defined in plain and unambiguous language. In pertinent part, N.J.S.A. 2C:7-23 provides:

> a. Except as otherwise provided in subsection e. of this section, [which is not implicated in this case,] it shall be unlawful for an excluded sex offender to hold a position or otherwise participate, in a paid or unpaid capacity, in a youth serving organization.

> b. A person who violates subsection a. of this section is guilty of a crime of the third degree.

> . . . .

There is no question that the language set forth above warns a person who is "an excluded sex offender" that he or she commits a crime of the third degree by holding any position or in any way participating in "a youth serving organization."

The definition of the term "excluded sex offender" is equally plain and unambiguous. N.J.S.A. 2C:7-22 provides: "'Excluded sex offender' means a person who has been convicted, adjudicated delinquent or found not guilty by reason of insanity for the commission of a sex offense, as defined in subsection b. of section 2 of P.L.1994, c. 133 [N.J.S.A. 2C:7-2], which involves a victim under 18 years of age." As previously noted,

N.J.S.A. 2C:7-2 is the statute that identifies the crimes that require a person convicted to register as a sex offender.[2]

The question here is whether the association to which defendant belongs falls within the statutory definition of the term "youth serving organization." That term is defined to "mean[] a sports team, league, athletic association or any other corporation, association or organization, excluding public and nonpublic schools, which provides recreational, educational, cultural, social, charitable or other activities or services to persons under 18 years of age." N.J.S.A. 2C:7-22 (emphasis added). Defendant argues that the language excluding "public and nonpublic schools" excludes his organization.

The plain meaning of the statutory definition does not permit the reading of the statute defendant urges, which is that the language emphasized excludes his association as a school. But the definition reaches all organizations except schools, and the Pit Crew is a committee of an association that is distinct from the school. Granted, the association and its Pit Crew are affiliated with the high school in the sense that its members work with school employees, but that does not make the committee

---

[2]    N.J.S.A. 2C:7-2 has been amended by L. 2013, c. 214. The amendment has no relevance here.

a school.  Pit Crew members hold positions and participate in the association, not the school.

If the Legislature intended to exclude from the reach of this crime associations that have connections with or assist a school similar to the arrangement enjoyed by this association, then it could have done that.  For example, the Legislature could have stated that it was excluding public and nonpublic schools and organizations participating with or assisting public or nonpublic schools.  But the Legislature did not so provide.

To the extent defendant attempts to bring himself within the exclusion on the ground that the band program is a school program, the definition does not permit that interpretation either.  It plainly covers organizations that provide "activities or services to persons under 18 years of age." Thus, while the association, through its Pit Crew, does not provide the band activity, it does provide "services to persons under 18 years of age" who are members of the band.  In fact, in the brief submitted on defendant's behalf, the responsibilities of the Pit Crew are described as "helping 'the band members [by] loading their equipment and unloading their equipment at football games or band[] competitions.'" (quoting the grand jury transcript with alterations).

We have no question that the statutory definition provides fair warning to any "excluded sex offender" who participates in this association. Defendant, who as a member of the Pit Crew committee, was responsible for helping band members by transporting the band's equipment to events, falls within its plain terms. He provided a service for members of the high school band through participation in the Pit Crew committee.

Even if we were to conclude that the exclusion of schools is sufficiently ambiguous to warrant reliance on legislative history, the legislative history does not cast doubt on the statute's plain meaning. The legislative statements on which defendant relies simply state: "The bill does not apply to employees and volunteers of public and nonpublic schools, as criminal background checks and employment restrictions of these persons are governed under separate law. (N.J.S. 18A:6-4.13 et seq., N.J.S. 18A:6-7.1 et seq.)." Introduction to S. 532 at 3; accord Assembly Law and Public Safety Committee Statement to S. 532 at 1; Senate Law and Public Safety Committee Statement and Veterans' Affairs Committee Statement to S. 532 at 1 (Feb. 14, 2008).

Like the statutory language, the statements refer to persons who are "volunteers of public and nonpublic schools." Neither the statements nor the statute suggests an exemption for

persons who volunteer to help in a school activity by virtue of a position they hold in an organization that is not in fact a school.[3] In contrast, an individual who volunteered to provide the same service informally — for example through the band director, the principal, or school board rather than as a member of an organization — is in a different position than defendant.

Defendant argues that if he is not considered a volunteer for the school, then the school would be prohibited from requiring volunteers of his association and others like it to undergo a background check. Even if that is so, it is beside the point. This is a policy argument better addressed by the Legislature than a court. In re Adoption of N.J.A.C. 5:96, 215 N.J. 578, 619 (2013).

True, our courts will construe a statute to avoid an absurd result even when it appears to be dictated by a literal interpretation of the statutory language. See N.J.S.A. 1:1-1;

---

[3] It is not clear why the Legislature excluded volunteers for public and nonpublic schools from this law adopted in 2009. L. 2009, c. 139. When this law was enacted, N.J.S.A. 18A:6-4.13 to -4.17 addressed background checks for employees of nonpublic schools, and N.J.S.A. 18A:6-7.1 to -7.2, simply permitted background checks for volunteers at facilities under the supervision of the Department of Education or a board of education caring for or involved in the education of children under the age of 18. See N.J.S.A. 18A:6-7.1 as amended by L. 2007, c. 82, § 1; L. 2010, c. 122, § 3; L. 2011, c. 72, § 9.
The State has presented an alternative argument based on statutes related to education, which we do not find persuasive and have no reason to address.

Hubbard ex rel. Hubbard v. Reed, 168 N.J. 387, 392-93 (2001). But there is nothing patently absurd about the Legislature's obvious intention. The intention is to rely on schools and the laws governing their hiring and acceptance of volunteers to exclude those who are unfit and to rely on the deterrent impact of criminal sanctions to exclude those who provide services for minors as holders of positions in an organization that is not a school.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0527-13T4