**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2930-17T1

LUZ PEREZ,

      Plaintiff-Appellant,

v.

BERBICE PROPERTIES, LLC,

      Defendant-Respondent,

and

BERBICE PROPERTIES, LLC,

      Defendant/Third-Party
      Plaintiff,

v.

CITY OF JERSEY CITY,

      Third-Party Defendant.

_____

Argued February 13, 2019 – Decided March 5, 2019

Before Judges Koblitz, Currier, and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-3819-16.

George Rios argued the cause for appellant (George Rios, PA, attorney; George Rios, on the briefs).

Robert J. Gallop argued the cause for respondent (O'Toole Scrivo Fernandez Weiner Van Lieu, LLC, attorneys; Robert J. Gallop, of counsel and on the brief; Katherine G. Dadulla, on the brief).

PER CURIAM

Plaintiff Luz Perez appeals from a January 19, 2018 order granting summary judgment in favor of defendant Berbice Properties, LLC. We affirm.

The facts in this case are undisputed. Plaintiff tripped and fell over a metal lock holder attached to a sidewalk cellar door adjacent to defendant's commercial property. Plaintiff suffered an injury to her knee, requiring surgery. Plaintiff did not notice the metal lock holder because she was not looking at the ground as she walked. The area was well-lit at the time of plaintiff's fall.

Approximately four years prior to plaintiff's fall, the municipality hired a company to reconstruct and re-install sidewalk cellar doors throughout Jersey City. Property owners, including defendant, were required to participate in the municipality's door replacement program. The design of the reconstructed doors included a metal lock holder extending approximately "one to one and a half

2

inches" above the sidewalk. There were no complaints regarding the metal lock holder on defendant's cellar door prior to the date of plaintiff's fall.

Plaintiff filed suit against defendant. In her complaint, plaintiff alleged defendant was negligent based on the failure to maintain its property in a reasonably safe condition. Defendant filed an answer and third-party complaint against Jersey City.[1] After completing discovery, defendant moved for summary judgment, arguing plaintiff failed to provide an expert report to support her claims.

After hearing argument, the motion judge granted defendant's motion. The judge found plaintiff needed an expert for a jury to determine whether the metal lock holder created a negligent condition. The judge rejected plaintiff's comparison of her situation to falling on spilled milk in a supermarket. He explained plaintiff's fall was analogous to someone crossing the street and the person's "heel gets caught in a storm drain grate." The judge reasoned holes in a storm drain can be dangerous due to their design but are "supposed to be there," and a plaintiff would need an expert to prove a storm drain is a dangerous condition.

---

[1] The claims against parties, other than defendant, were dismissed and are not part of this appeal.

A-2930-17T1

In addition, the judge noted jurors are likely aware there are "hundreds" of cellar doors "made the same way, intentionally made this way and installed this way throughout the country . . . they're very common, especially in retail and commercial areas," and without an expert, jurors would "have to speculate as to whether . . . it's a negligent condition." The judge concluded the use of a metal lock holder on a cellar door was an "arcane or esoteric issue," and presented a situation "where the plaintiff needs an expert."

On appeal, plaintiff argues: (1) an expert was not required based on the common knowledge doctrine and (2) the judge failed to make appropriate fact-findings in support of summary judgment.

We review a grant of summary judgment de novo, observing the same standard as the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015). Summary judgment should be granted only if the record demonstrates there is "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). In determining whether a summary judgment motion was properly granted, we review the evidence, drawing "all legitimate inferences from the facts in favor of the non-moving party." Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016) (citing R. 4:46-2(c)).

4

If no genuine issue of material fact exists, the inquiry then turns to "whether the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)). On issues of law, we accord no deference to the trial judge's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

To establish a claim for negligence, a plaintiff must prove: "(1) a duty of care; (2) a breach of that duty; (3) proximate cause; and (4) actual damages." Townsend, 221 N.J. at 51 (quoting Polzo v. Cty. of Essex, 196 N.J. 569, 584 (2008)). A plaintiff bears the "burden to prove negligence . . . it is never presumed." Kahn v. Singh, 200 N.J. 82, 91 (2009) (citing Hansen v. Eagle-Picher Lead Co., 8 N.J. 133, 139 (1951)).

To determine whether expert testimony is required to prove a cause of action, a court should consider "whether the matter to be dealt with is so esoteric that jurors of common judgment and experience cannot form a valid judgment as to whether the conduct of the [defendant] was reasonable." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 407 (2014) (alteration in original) (quoting Butler v. Acme Mkts., Inc., 89 N.J. 270, 283 (1982)). In cases that do not require expert testimony, the facts are such that "a

5

layperson's common knowledge is sufficient to permit a jury to find that the duty of care has been breached without the aid of an expert's opinion." Ibid. (quoting Giantonnio v. Taccard, 291 N.J. Super. 31, 43 (App. Div. 1996)).

On the other hand, when the jury would be left to "speculate," "the plaintiff must instead 'establish the requisite standard of care and [the defendant's] deviation from that standard' by 'present[ing] reliable expert testimony on the subject.'" Ibid.

"[T]he common knowledge doctrine is to be construed narrowly." Satec, Inc. v. Hanover Ins. Grp., 450 N.J. Super. 319, 334 (App. Div. 2017) (citing Hubbard v. Reed, 168 N.J. 387, 395-96 (2001)). The exception under the doctrine is limited to cases "involv[ing] situations where the carelessness of the defendant is readily apparent to anyone of average intelligence and ordinary experience." Rosenberg v. Cahill, 99 N.J. 318, 325 (1985). As the Supreme Court observed in Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 450 (1993), "some hazards are relatively commonplace and ordinary and do not require the explanation of experts in order for their danger to be understood by average persons."

Plaintiff relies on several cases in support of her argument that the common knowledge doctrine is applicable in this case and therefore no expert

6

testimony is required. However, the cases cited by plaintiff are distinguishable from the facts in this matter. See Crawn v. Campo, 136 N.J. 494, 510 (1994) (holding the standard of care applicable to an informal pick-up softball game is familiar and "comprehensible to jurors of average experience and intelligence."); Hopkins, 132 N.J. at 450-51 (holding a fall over hidden step-down during an open house was a situation "comprehended by persons of ordinary experience."); Campbell v. Hastings, 348 N.J. Super. 264, 270 (App. Div. 2002) (finding a fall in a home with a sunken foyer did not require expert testimony because the subject matter was easily understood by jurors using common judgment and experience).

Here, unlike in the cases relied upon by plaintiff, the cellar door was functionally designed to include the metal lock holder to allow the door to be locked from the outside. The use of a cellar door with a metal lock holder required expert testimony because it would not be within the common knowledge or experience of the average juror to determine whether defendant's installation of the doors as designed was reasonable.

We next consider plaintiff's argument that the judge failed to analyze the case law cited in her opposition brief. During oral argument, the judge stated, "I've read everything, but I'll allow the parties to amplify their position."

A-2930-17T1

We disagree with plaintiff's contention that the failure to address each case cited by either party evidenced the judge's failure to analyze the facts and relevant case law. The failure of the judge to cite case law in his ruling did not diminish the factual findings and legal conclusions in support of granting defendant's motion.

Determining whether defendant was negligent in this case in the absence of expert testimony would require the jury to "speculate . . . in [an] area where laypersons could not be expected to have sufficient knowledge or experience." Biunno, Weissbard & Zegas, Current N.J. Rules of Evidence, cmt. 1 on N.J.R.E 702 (2018). Thus, the motion judge correctly determined plaintiff's case could not survive absent expert testimony.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2930-17T1