**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2133-24

HALINA PODLAS,

     Plaintiff-Appellant,

v.

HENRY W. POLLARD and
KATHY A. FLEMMING,

     Defendants,

and

ALLSTATE NEW JERSEY
INSURANCE COMPANY,[1]

     Defendant-Respondent.

_____

Argued March 11, 2026 – Decided April 23, 2026

Before Judges Gummer, Vanek, and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-0453-23.

---

[1] Improperly impleaded as "Allstate Insurance Company."

Kiran A. Freeman argued the cause for appellant (Freeman & Patel LLC, attorneys; Jarred S. Freeman, on the briefs).

Thomas R. Lloyd argued the cause for respondent (Chasan Lamparello Mallon & Cappuzzo, PC, attorneys; John V. Mallon, of counsel and on the brief; Thomas R. Lloyd, on the brief).

PER CURIAM

Plaintiff Halina Podlas sought underinsured motorist (UIM) coverage from defendant Allstate New Jersey Insurance Company (Allstate) under two business automobile policies issued to her employers. Because plaintiff was not occupying a vehicle covered by terms of the policies in effect at the time of her off-duty accident, Allstate denied her claim for UIM coverage.

Plaintiff appeals from a March 5, 2025 order granting summary judgment in favor of Allstate, contending the policies' limitation on UIM coverage contravenes N.J.S.A. 17:28-1.1(f). We affirm.

I.

The salient facts in the motion record are undisputed. Plaintiff's son, Lukasz Podlas, is the owner of Lucas HVAC LLC and Lucas Air Corp. (the Businesses), both located at the same address in Linden, New Jersey. Plaintiff resided part-time at the Businesses' address, where she was employed as a housekeeper. Plaintiff otherwise resided at a different residential address in Linden.

Allstate issued a "Business Auto Policy" to each of the Businesses and listed them as the "named insured" on their declaration pages. The Businesses had elected different UIM coverage limits and designated separate vehicles to be covered under their respective policies. The policies' UIM "coverage" provisions stated that when the "named insured" is a business entity, only an individual who is "'occupying' a covered 'auto' or a temporary substitute for a covered 'auto'" is deemed "insured."

On January 8, 2022, plaintiff was sweeping the walkway between the steps and the sidewalk in front of her alternative residential address when she was struck by a vehicle operated by Henry W. Pollard and owned by Kathy A. Flemming. Plaintiff was not occupying a vehicle covered by the Businesses' policies, was not located at the Businesses' address, and was not working for the Businesses at the time of the accident.

After settling with Pollard and Flemming for Pollard's bodily-injury insurance limit, plaintiff filed claims for UIM coverage under the Businesses' policies. Allstate denied plaintiff's UIM claims, asserting she was not an "insured" under the policies because she was not occupying a "covered auto" at the time of the accident.

Allstate moved for summary judgment. The judge granted Allstate's motion and entered a March 5, 2025 order accompanied by a written statement

3

of reasons.  The judge found the policies' clear and unambiguous language dictated plaintiff was not an "insured," as she was not injured while "occupying a covered auto."  The judge also found Allstate was not statutorily required to provide UIM coverage to plaintiff.  Plaintiff appealed.

At oral argument before us, plaintiff agreed she was not entitled to coverage based on the definition of "coverage" in the policies but asserted the policies contravene N.J.S.A. 17:28-1.1(f).  Plaintiff argues Allstate is statutorily required to provide UIM coverage to her under N.J.S.A. 17:28-1.1(f) because of her status as the named insureds' employee.  Accordingly, our decision is cabined to this issue.

II.

A.

Because our review of an order granting summary judgment is de novo, we apply the same standard used by a trial court.  Samolyk v. Berthe, 251 N.J. 73, 77 (2022).  A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  R. 4:46-2(c).  We accord "no special

4

deference to the trial court's legal conclusions."  Birmingham v. Travelers N.J. Ins. Co., 475 N.J. Super. 246, 255 (App. Div. 2023).

B.

Although plaintiff agrees she is not covered under the policies' plain language, she argues Allstate's definitional limitation on UIM coverage violates N.J.S.A. 17:28-1.1(f) because she is an employee of the named-insured Businesses.  We are unconvinced.

Our Supreme Court has long recognized "insurers can modify policy language in an effort to address issues of UIM coverage and liability." Magnifico v. Rutgers Cas. Ins. Co., 153 N.J. 406, 418 (1998).  "UIM coverage . . . is 'personal' to the insured.  Coverage is linked to the injured person, not the covered vehicle."  Aubrey v. Harleysville Ins. Cos., 140 N.J. 397, 403 (1995).  "UIM coverage provides 'as much coverage as the insured is willing to purchase, for his or her protection[,] subject only to the owner's policy liability limits for personal injury and property damages to others.'"  Ibid. (quoting Prudential Prop. & Cas. Ins. Co. v. Travelers Ins. Co., 264 N.J. Super. 251, 259-60 (App. Div. 1993)).

"A step-down clause in an insurance policy provides different levels of coverage to different insureds based on their status or the existence of other insurance."  Seabridge v. Discount Auto, Inc., 393 N.J. Super. 327, 330 (App.

Div. 2007) (citing <u>Pinto v. N.J. Mfrs. Ins. Co.</u>, 183 N.J. 405, 412 (2005)).

N.J.S.A. 17:28-1.1(f) limits step-down provisions as follows:

> Notwithstanding the provisions of this section or any other law to the contrary, a motor vehicle liability policy or renewal of such policy of insurance, insuring against loss resulting from liability imposed by law for bodily injury or death, sustained by any person arising out of the ownership, maintenance or use of a motor vehicle, issued in this State to a corporate or business entity with respect to any motor vehicle registered or principally garaged in this State, <u>shall not provide less uninsured or underinsured motorist coverage for an individual employed by the corporate or business entity than the coverage provided to the named insured under the policy</u>. A policy that names a corporate or business entity as a named insured shall be deemed to provide the <u>maximum uninsured or underinsured motorist coverage available</u> under the policy to an individual employed by the corporate or business entity, regardless of whether the individual is an additional named insured under that policy or is a named insured or is covered under any other policy providing uninsured or underinsured motorist coverage.
>
> [N.J.S.A. 17:28-1.1(f) (emphasis added).]

The Legislature enacted subsection (f) in response to the Court's decision in <u>Pinto</u>, which held the step-down provisions at issue in that case were enforceable. <u>S. Com. Comm. Statement to S. 1666</u> (Nov. 27, 2006). In deciding a subsequent appeal relating to a different step-down provision, the Court interpreted subsection (f) to prohibit an insurer from "providing an employee with <u>less</u> coverage than the named insured on a corporate or business

6

entity's commercial automobile liability policy." James v. N.J. Mfrs. Ins. Co., 216 N.J. 552, 566 (2014) (emphasis added).

Plaintiff argues the policies' definition of "insured" violates subsection (f), contending the policies impermissibly exclude plaintiff from UIM coverage because their definition of "insured" is limited to an individual injured while occupying a covered vehicle. We disagree.

Our analysis is predicated on well-established principles of statutory construction. "[W]hen the language of a statute is clear on its face, 'the sole function of the courts is to enforce it according to its terms.'" Cohen v. Southbridge Park, Inc., 369 N.J. Super. 156, 161 (App. Div. 2004) (quoting Hubbard v. Reed, 168 N.J. 387, 399 (2001)). If the plain language is unambiguous, we need not consider extrinsic evidence to determine its meaning. Borough of Englewood Cliffs v. Trautner, 260 N.J. 410, 419-20 (2025).

The plain language of subsection (f) prohibits an insurer from providing "less" UIM coverage to a business entity-employee than the "amount" of coverage provided to the named insured, requiring the "maximum" amount of coverage be afforded to the employee. Our decisional law has recognized the statutory prohibition in subsection (f) refers to monetary limitations on the

amount of coverage provided to a business employee, rather than to other definitional limitations on coverage. See James, 216 N.J. at 555-56.

Here, plaintiff does not argue the policies contain step-down provisions that afford her less coverage as an employee than is available to the named-insured Businesses. Thus, the policies' definitions of "coverage" as applied to plaintiff's UIM claims do not violate the prohibition against step-down provisions contained in the plain language of subsection (f).

We are unpersuaded by plaintiff's argument that N.J.S.A. 17:28-1.1(f) requires an employee to be afforded UIM coverage under their employer's policy, regardless of the circumstances surrounding their injury. Accepting plaintiff's position would mandate UIM coverage where an employee was injured without having been engaged in any business purpose or having occupied a covered vehicle. Plaintiff has not demonstrated the plain statutory language or any decisional law supports such a broad interpretation of subsection (f). See Perez v. Professionally Green, LLC, 215 N.J. 388, 399 (2013) (stating courts do not rewrite plainly written statutes).

Because plaintiff does not contend the plain language of the Businesses' policies affords her UIM coverage in this instance, we need not address either plaintiff's "substantial nexus" or "reasonable expectation of coverage"

arguments or whether summary judgment was improvidently granted in the absence of a deposition of an Allstate representative.

To the extent not addressed, plaintiff's remaining contentions lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

9