CLD-336                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3749
_____

ROBERT L. SMALL,
                                        Appellant

v.

GARY M. LANIGAN; RALPH WOODWARD;
GREG BARTKOWSKI; PAULA AZARA;
CATHY TRILLO; UNIVERSITY OF
MEDICINE & DENTISTRY OF NEW JERSEY, UMDNJ;
ABU AHSAN; IHUOMA MWACHUKWA; DONIQUE IVERY;
MARGARET COCUZZA

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 11-cv-02565)
District Judge:  Honorable Anne E. Thompson

_____

Submitted on a Motion to Proceed In Forma Pauperis, a Motion to Reopen, and for
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 7, 2016
Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed July 19, 2016)
_____

OPINION[*]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

_____

PER CURIAM

Robert Small filed a notice of appeal from the final judgment of the United States District Court for the District of New Jersey in his civil rights action. The appeal was dismissed for failure to pay the filing fee. Small has now filed a motion to proceed in forma pauperis ("IFP") and a motion to reopen the appeal. We hereby reopen the appeal and grant his motion to proceed IFP. Because no substantial question is presented by the appeal, we will summarily affirm the District Court's judgment. See LAR 27.4 and I.O.P. 10.6.

Small, who is confined at New Jersey State Prison, filed a complaint in the District Court against numerous Defendants associated with the prison, complaining about his medical treatment and the Defendants' failure to provide him with a safe and operable wheelchair. The District Court dismissed Small's claims for monetary relief against the Defendants in their official capacities and later appointed counsel for Small. Small filed an amended complaint, through counsel. Certain Defendants then filed motions to dismiss for failure to provide an affidavit of merit, as required by New Jersey law. The District Court granted those motions in part and denied them in part, finding that those of Small's claims that did not require expert testimony could go forward.

constitute binding precedent.

2

The Defendants, with the exception of Cathy Trillo, then filed motions for summary judgment, claiming that Small had failed to exhaust administrative remedies before filing his complaint. The District Court agreed, and granted the motions for summary judgment.[1] Small and Trillo later filed a "Stipulation of Voluntary Dismissal," and the District Court entered a final, appealable order. Small timely appealed.[2]

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review of a district court decision dismissing a complaint for failure to state a claim. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). A complaint fails to state a claim if, accepting all well-pled factual allegations as true, the allegations do not "plausibly give rise to an entitlement to relief." Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). We also exercise plenary review over the District Court's order granting summary judgment. See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). A district court may grant summary judgment only when the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We will examine the orders dismissing Small's claims in turn.

---

[1] Small filed a premature notice of appeal, which we dismissed because the District Court had not yet resolved claims against Trillo. See C.A. No. 14-4256.

[2] Small has not responded to our invitation to submit argument in support of his appeal. As a precaution, we will assume that he wishes to challenge each order that dismissed any of his claims.

First, we will affirm the District Court's order dismissing Small's claims for monetary relief against the state actor Defendants in their official capacities. The Defendants were entitled to Eleventh Amendment immunity with regard to such claims. See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010); see also Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth., 819 F.2d 413, 418 (3d Cir. 1987) (New Jersey has not waived its immunity in federal court), abrogated on other grounds by Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30 (1994).

Second, we will affirm the District Court's order dismissing certain of Small's medical claims for failure to submit an affidavit of merit. The New Jersey affidavit of merit statute requires the plaintiff in a malpractice action to provide the defendant, within sixty days after the answer is filed (or 120 days if the court grants an extension for good cause), with "an affidavit of an appropriate licensed person that there exists a reasonable probability" that the care which is the subject of the complaint falls outside acceptable professional standards. N.J. Stat. Ann. § 2A:53A-27; cf. Chamberlain v. Giampapa, 210 F.3d 154, 157 (3d Cir. 2000) (affidavit of merit statute must be applied by federal courts sitting in diversity). In lieu of an affidavit, the plaintiff may provide a sworn, written statement that, after written request, the defendant failed to provide the plaintiff with records that have a substantial bearing on the preparation of the affidavit. N.J. Stat. Ann. § 2A:53A-28. Failure to provide either the affidavit or the sworn statement warrants dismissal for "failure to state a cause of action." N.J. Stat. Ann. § 2A:53A-29. Here, the

4

District Court correctly dismissed those claims in Small's complaint that would require expert testimony because Small failed to submit an affidavit of merit.[3]

Finally, we will affirm the District Court's order granting summary judgment. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all of his administrative remedies before filing a lawsuit. See Booth v. Churner, 532 U.S. 731, 734 (2001). "[E]xhaustion of administrative remedies under the PLRA is a question of law to be determined by the judge." Drippe v. Tobelinski, 604 F.3d 778, 782 (3d Cir. 2010). Exhaustion is determined by answering two questions. First, a court examines whether a prisoner has literally exhausted his administrative remedies, such that no further steps are available within the prison remedy system. See Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004). Here, the New Jersey Department of Corrections has a two-step administrative remedy process for prisoners; the prisoner must file an Inmate Remedy System Form ("IRSF") through prison staff, see Dkt. # 115-3 at 14-16 of 29, and after receiving a response, must appeal the determination in order to exhaust administrative remedies, see id. at 15-16.

If a prisoner has not properly exhausted available remedies, a court then examines whether procedural default applies. Spruill, 372 F.3d at 232. For procedural default purposes, a prisoner has properly exhausted his claims if he has complied with the prison's regulations that govern inmate grievances, or if prison officials have waived

---

[3] The District Court also properly allowed certain medical claims to proceed, i.e., those for which expert testimony would not be required. See Hubbard v. Reed, 774 A.2d 495, 499-500 (N.J. 2001) (no affidavit of merit need be filed in "common knowledge"

those regulations. Id. at 222. We have excused the failure to exhaust under limited circumstances when it is clear that a prison's administrative remedy is unavailable to the prisoner. See Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002). While the determination of whether administrative remedies were available is a question of law, it may involve a subsidiary factual inquiry. See Small v. Camden Cnty., 728 F.3d 265, 271 (3d Cir. 2013).[4] For example, determining whether prison officials thwarted an inmate's efforts to file requisite forms, thus rendering administrative remedies unavailable, can require a factual inquiry. Brown, 312 F.3d at 113.

Although the allegations of Small's Amended Complaint suggested that prison employees might have been thwarting Small's efforts to exhaust his remedies,[5] following discovery it became clear that Small had not attempted to file appeals through proper channels as to any of his grievances. See Dkt. #127-4, ¶¶ 18-42 (conceding that Small

malpractice cases).

[4] This was an earlier case involving Small's complaints about conditions in another New Jersey prison.

[5] Small's Amended Complaint stated that in the case of at least four of his grievances, his IRSF forms were returned unanswered, that he had not received final administrative decisions, and that his letters seeking assistance were also unanswered. Dkt. #79 at ¶¶ 45-47. Defendants noted that Small's contentions were factually incorrect, see Dkt. #115-4 at 21-22, and Small later conceded that he received responses to his grievances and to some of his letters, see Dkt. #127-4, ¶¶ 18-42; Dkt. #127-main at 4-5.

had received responses for all but one of his relevant grievances,[6] but had not filed appeals).

In Small's earlier case cited above, we noted that submission of sick leave requests followed by complaint letters to various prison officials and others did not constitute substantial compliance with the prison's grievance procedures. Small, 728 F.3d at 272-73. Similarly here, although Small submitted IRSF forms and received a response for each one, he did not appeal any of those grievances. See Dkt. #127-4, ¶¶ 18-42. Instead, he wrote letters to various prison officials, some of which were answered. See Dkt. #127-main at 4-5, 6-7.

We agree with the District Court's legal conclusion that the fact that some letters were answered does not mean that the prison was condoning a parallel procedure for exhaustion. Indeed, Small did not write to the same person each time, and there is no indication in the record that he was advised to appeal via letter rather than by submitting the IRSF form through the appeal process.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[6] Small conceded that when he filed his initial complaint (docketed on May 5, 2011), he had not yet received a response for an IRSF submitted on April 6, 2011. As to that grievance, his administrative remedies indisputably were not exhausted at the time he filed his complaint.