**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3886-17T4

DARRELL CARLESS,

    Plaintiff-Appellant,

v.

EAST ORANGE GENERAL
HOSPITAL,

    Defendant-Respondent.

_____

Submitted December 3, 2019 – Decided December 13, 2019

Before Judges Fisher and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3375-16.

Darrell Carless, appellant pro se.

Rosenberg Jacobs Heller & Fleming, PC, attorneys for respondent (Raymond J. Fleming, of counsel; Christopher Klabonski, on the brief).

PER CURIAM

Plaintiff Darrell Carless filed a complaint, asserting a slander cause of action, against defendant East Orange General Hospital. The alleged slander was based on statements allegedly made by hospital representatives to police concerning the fact that plaintiff, who was involuntarily committed at the hospital, was violent. That complaint was filed on May 9, 2016. Before the month ended, plaintiff filed eight more complaints in the Law Division against the hospital.

To bring order to the confusion caused by these multiple filings, the trial judge entered an order in June 2016 that consolidated all nine complaints. The hospital filed responsive pleadings and moved to dismiss seven of the nine complaints due to plaintiff's failure to comply with the affidavit of merit statute, N.J.S.A. 2A:53A-27. That motion was denied, and plaintiff was permitted an additional sixty days to comply. Plaintiff then moved to be relieved of having to comply with the affidavit of merit statute because of his indigency status. The judge denied that motion and repeated that the affidavit of merit requirement did not apply to three of the complaints, which appear to allege intentional torts.[1]

_____

[1] Two of these allege an assault and criminal restraint. A copy of the third complaint, which fell within the judge's exception to the holding that plaintiff was required to comply with the affidavit of merit statute, was not included in plaintiff's appendix. For present purposes, we assume the accuracy of plaintiff's
(continued)

After the sixty days permitted by the court had elapsed without plaintiff's compliance with the affidavit of merit statute, the hospital moved for dismissal, and in granting that motion, the judge dismissed six of plaintiff's nine complaints with prejudice.

Discovery then continued on the remaining three complaints, which were also scheduled for non-binding mandatory arbitration to occur on February 13, 2018. Plaintiff moved to advance the date of the arbitration to January 31, 2018, because he was then residing in Las Vegas and represented that he could be in New Jersey on the latter date. The judge granted plaintiff's motion and changed the arbitration date to January 31, 2018. Despite being given the arbitration date he sought, plaintiff did not appear and, due to that failure, plaintiff's three remaining complaints were dismissed without prejudice.

Plaintiff moved for the reinstatement of the three remaining complaints, arguing he was unaware of the order that scheduled the arbitration for January 31, 2018, even though he had requested it. This motion was denied. In the written decision made part of the March 2, 2018 trial court order, the judge explained the motion was denied because plaintiff failed to appear on the

---

assertion in his appeal brief that this third complaint alleged he was assaulted by a hospital security guard.

A-3886-17T4

arbitration date that he requested with knowledge of the arbitration date. The judge determined plaintiff was aware of the order fixing the arbitration date because the order was "served . . . personally on [plaintiff] on 1/29/18 as [p]laintiff was in the Hall of Records on another matter." The judge also stated in the order that her chambers "left multiple voice messages on the phone number [p]laintiff provided with his motion papers advising him" of the rescheduled January 31, 2018 arbitration date.

Even though the last three complaints were only dismissed without prejudice, the judge's later denial of the motion to reinstate meant that plaintiff could no longer revive those complaints. All the orders we have mentioned collectively disposed of all issues as to all parties. We are satisfied plaintiff was entitled to file an appeal as of right.

In appealing, plaintiff argues:

> I. THE TRIAL COURT ERRED IN ORDERING [DISMISSAL] WITH PREJUDICE [OF THE SIX COMPLAINTS] FOR FAILURE TO COMPLY WITH THE AFFIDAVIT OF MERIT STATUTE . . . BECAUSE AN AFFIDAVIT OF MERIT IS NOT REQUIRED IN COMMON KNOWLEDGE CASES.
>
> II. THE TRIAL COURT ERRED BY BEING UNDER THE IMPRESSION THAT PLAINTIFF WAS PERSONALLY SERVED WITH AN ORDER RESCHEDULING AN ARBITRATION DATE . . . AND THAT MULTIPLE VOICE MESSAGES WERE

4

LEFT [O]N PLAINTIFF'S PHONE ADVISING HIM
OF THE CHANGE (Not Raised Below).

We find insufficient merit in plaintiff's arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only a few comments.

As to the first point, there is no question that plaintiff's claims of negligence or malpractice – as the six complaints were properly understood as alleging – arose from plaintiff's allegations about the hospital's screening of him for an involuntary commitment and whether the hospital adhered to proper screening standards. These were matters beyond the common knowledge of laypersons, thereby requiring plaintiff's compliance with the affidavit of merit statute. See, e.g., Hubbard ex rel. Hubbard v. Reed, 168 N.J. 387, 389-96 (2001); Cowley v. Virtua Health Sys., 456 N.J. Super. 278, 288-89 (App. Div. 2018). The judge correctly held that plaintiff was obligated to comply with the affidavit of merit statute on these six complaints.

As for the second point, plaintiff argues that the judge inaccurately determined that he had been personally served with the order rescheduling the arbitration and in finding that voice mails were left for him advising of the new arbitration date. Plaintiff, however, acknowledges he never made that argument in the trial court by noting that his second point was "not raised below." Based on the record before her, we find the judge acted well within her discretion in

denying plaintiff's motion to reinstate. If plaintiff had a quarrel with the facts upon which the judge refused to reinstate the three complaints, he should have moved for relief from the judge's order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3886-17T4