**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3243-24

GAGNESH GUPTA,

    Plaintiff-Appellant,

v.

SUMMIT AT NEPTUNE
CONDOMINIUM ASSOCIATION,

    Defendant-Respondent.

_____

        Submitted April 15, 2026 – Decided June 12, 2026

        Before Judges Gummer and Vanek.

        On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. DC-012549-24.

        Gagnesh Gupta, self-represented appellant.

        Cutolo Barros, LLC, attorneys for respondent (Jaclyn M. Kavendeck, of counsel and on the brief; Carla Zappi, on the brief).

PER CURIAM

Plaintiff Gagnesh Gupta acquired title to a condominium unit at a sheriff's sale held after entry of a final judgment of foreclosure on a first mortgage. Several months later, defendant Summit Avenue at Neptune Condominium Association (the Association) billed him for outstanding monthly assessments incurred by the prior owner. Plaintiff filed suit against the Association.

Plaintiff appeals an April 30, 2025 order granting summary judgment to the Association, dismissing his complaint, and denying his summary judgment motion. Based on N.J.S.A. 46:8B-21(e) and prevailing decisional law, we reverse and remand for the entry of an order granting summary judgment in favor of plaintiff, consistent with this opinion.

I.

We recount the salient, undisputed facts from the record. The condominium unit at issue is governed by the Condominium Act, N.J.S.A. 46:8B-1 to -38, along with a Master Deed and By-Laws. The Master Deed states each unit owner shall be a member of the Association and subject to the terms of the Master Deed and By-Laws upon taking ownership.

The Master Deed states all unpaid assessments will constitute a lien against the unit in favor of the Association. Beginning on September 24, 2014, the Association recorded liens and lien amendments against the unit prior to the

2

March 25, 2024 sheriff's sale. Each such lien referenced the Master Deed and By-Laws.

On November 30, 2015, a bank filed a complaint seeking judgment of foreclosure on a first mortgage. A lis pendens was recorded on December 29, 2015.

On November 7, 2019, a final judgment of foreclosure was entered. The final judgment stated the foreclosure sale was subject to the six-month limited priority rights of the Association as granted by the Condominium Act.

Plaintiff acquired title to the unit through a sheriff's sale, and the deed of foreclosure was recorded in June 2024. In August 2024, the Association demanded plaintiff pay $8,370, representing unpaid monthly assessments accrued by the prior unit-owner. The Association's demand for payment identified the outstanding amount as a priority lien pursuant to N.J.S.A. 46:8B-21.

On September 23, 2024, plaintiff filed suit in the Special Civil Part, seeking declaratory and injunctive relief to remove the Association's pre-sheriff's sale charges from his account pursuant to N.J.S.A. 46:8B-21(e), which expressly exempts purchasers of property through a first-mortgage foreclosure

sale from liability for unpaid common charges or assessments. Plaintiff's complaint also sought damages.

After the Association moved to dismiss plaintiff's complaint for failure to provide discovery, plaintiff cross-moved for summary judgment. The Association also sought summary judgment, seeking to dismiss the complaint. The Association in its Statement of Material Facts corrected an error in its prior calculation and asserted the amount due from plaintiff for condominium-assessment liens from 2019 through 2023 was $6,465. Following oral argument, the judge entered an April 30, 2025 order denying plaintiff's summary judgment motion, granting summary judgment to the Association, and denying the Association's motion for discovery sanctions as moot. The judge found plaintiff was responsible for payment of the liens under decisional law and the Master Deed.

As an "account correction," the Association imposed a $175 legal fee on plaintiff after final judgment was entered. During the pendency of this appeal, plaintiff paid $6,640 to the Association "under protest" to avoid negative credit consequences.

4

## II.

Plaintiff contends both the $6,465 pre-title assessment and $175 post-judgment legal charge are unenforceable against him under N.J.S.A. 46:8B-21(e), which expressly exempts purchasers who acquire title through foreclosure of a first mortgage from liability for unpaid assessments owed by the former unit owner. Based on our de novo review, we agree plaintiff is not liable for the $6,465 charge under the plain language of N.J.S.A. 46:8B-21(e).

We review an order deciding a summary judgment motion de novo, applying the same standard used by the trial court. Samolyk v. Berthe, 251 N.J. 73, 77 (2022). A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We accord "no special deference to the trial court's legal conclusions." Birmingham v. Travelers N.J. Ins. Co., 475 N.J. Super. 246, 255 (App. Div. 2023).

The Condominium Act governs real property that is subject to the condominium form of ownership. N.J.S.A. 46:8B-21 addresses liability for unpaid condominium assessments. Subsection (a) allows associations to place

a liens on units for unpaid assessments and subsection (b) affords that lien limited priority over recorded mortgages and other liens, to the extent it does not exceed an assessment amount against the unit owner for the six-month period prior to recording. Subsections (c) and (d) impose joint and several liability on the grantee and grantor for all unpaid assessments where there is a voluntary conveyance of a unit.

N.J.S.A. 46:8B-21 specifically sets forth the following:

> a. The association shall have a lien on each unit for any unpaid assessment duly made by the association for a share of common expenses or otherwise, including any other moneys duly owed the association, upon proper notice to the appropriate unit owner, together with interest thereon and any late fees, fines, expenses, and reasonable attorney's fees imposed or incurred in the collection of the unpaid assessment; provided however that an association shall not record a lien in which the unpaid assessment consists solely of late fees. Such lien shall be effective from and after the time of recording in the public records of the county in which the unit is located of a claim of lien stating the description of the unit, the name of the record owner, the amount due and the date when due. Such claim of lien shall include only sums which are due and payable when the claim of lien is recorded and shall be signed and verified by an officer or agent of the association. Upon full payment of all sums secured by the lien, the party making payment shall be entitled to a recordable satisfaction of lien. Except as set forth in subsection b. of this section, all such liens shall be subordinate to any lien for past due and unpaid property taxes, the lien of any mortgage to which the unit is subject and to any

6

other lien recorded prior to the time of recording of the claim of lien.

b. A lien recorded pursuant to subsection a. of this section shall have a limited priority over prior recorded mortgages and other liens, except for municipal liens or liens for federal taxes, to the extent provided in this subsection. . . .

c. Upon any voluntary conveyance of a unit, the grantor and grantee of such unit shall be jointly and severally liable for all unpaid assessments pertaining to such unit duly made by the association or accrued up to the date of such conveyance without prejudice to the right of the grantee to recover from the grantor any amounts paid by the grantee, but the grantee shall be exclusively liable for those accruing while he is the unit owner

  . . . .

e. If a mortgagee of a first mortgage of record or other purchaser of a unit obtains title to such unit as a result of foreclosure of the first mortgage, such acquirer of title, his successors and assigns shall not be liable for the share of common expenses or other assessments by the association pertaining to such unit or chargeable to the former unit owner which became due prior to acquisition of title as a result of the foreclosure. Any remaining unpaid share of common expenses and other assessments, except assessments derived from late fees or fines, shall be deemed to be common expenses collectible from all of the remaining unit owners including such acquirer, his successors and assigns.

[N.J.S.A. 46:8B-21.]

The plain language of subsection (e) bars the Association from collecting the outstanding maintenance charges incurred by the prior owner of plaintiff's unit because plaintiff acquired title through a sheriff's sale on a first-mortgage foreclosure. There is no language in subsection (e) limiting its scope to either an association's unsecured obligations or to secured, perfected liens. Nor is there language, as there is in subsection (c), providing for joint and several liability among previous and subsequent owners when a unit is conveyed through a first-mortgage foreclosure. Indeed, that the Legislature provided for such liability in the case of voluntary conveyance of a condominium unit is further evidence it did not intend to make purchasers at foreclosure sales, like plaintiff, liable for assessments levied prior to their taking title. We therefore conclude plaintiff was entitled to summary judgment under the plain language of subsection (e) because he acquired title on March 25, 2024, and all charges at issue pre-date his ownership.

Our analysis is predicated on well-established principles of statutory construction. "[W]hen the language of a statute is clear on its face, 'the sole function of the courts is to enforce it according to its terms.'" Cohen v. Southbridge Park, Inc., 369 N.J. Super. 156, 161 (App. Div. 2004) (quoting Hubbard v. Reed, 168 N.J. 387, 399 (2001)). If the plain language is

unambiguous, we need not consider extrinsic evidence to determine its meaning. Borough of Englewood Cliffs v. Trautner, 260 N.J. 410, 419-20 (2025). "It is only when there is ambiguity in the language that we turn to extrinsic evidence, such as legislative history," to inform our determination of the Legislature's intent. Ibid.; see also O'Connell v. State, 171 N.J. 484, 488 (2002) (holding "a court may neither rewrite a plainly-written enactment of the Legislature nor presume that the Legislature intended something other than that expressed by way of the plain language").

The Association's argument that its priority lien under N.J.S.A. 46:8B-21 (b) imposes an obligation on plaintiff to pay pre-sheriff's sale assessments is contrary to the plain statutory language. Subsection (b) establishes a mechanism for enforcement of the Association's lien through payment from the sheriff's sale proceeds—it does not create a right to impose this pre-existing financial obligation on the purchaser.

Despite the Association's argument to the contrary, our decision in Micheve is dispositive. See Micheve, LLC v. Wyndam Place at Freehold Condo. Ass'n, 370 N.J. Super. 524 (App. Div. 2004). There, we affirmed the trial court's ruling that subsection (e) precluded the condominium association from collecting pre-foreclosure maintenance fees attributable to the prior owner

solely from a unit-purchaser, even though the association had filed a lien. We concluded the plain statutory language provided that "when a unit is sold at foreclosure, the association's remedy is to collect out of any excess proceeds resulting from the sheriff's sale or to collect the unpaid expenses from among all the remaining unit owners, including the owner who acquired the property at foreclosure." Id. at 530.

Highland Lakes Country Club & Community Association v. Franzino, 186 N.J. 99 (2006), and Fulton Bank v. Casa Eleganza, LLC, 473 N.J. Super. 387 (App. Div. 2022), relied upon by the Association, do not control the outcome here. Both cases involved equitable liens enforced by homeowners' associations against purchasers of units in common-interest communities, not condominium units subject to the Condominium Act. See Highland Lakes, 186 N.J. at 103; Fulton Bank, 473 N.J. Super. at 395. Thus, subsection (e) was not addressed in either decision.

Because the $175 legal fee was imposed after final judgment was entered, that issue is not before us. To the extent not addressed, the parties' remaining contentions lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

A-3243-24

Reversed and remanded for the entry of an order granting summary judgment to plaintiff and denying the Association's summary judgment motion, consistent with our decision. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M. C. Hanley
Clerk of the Appellate Division

11